**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Johnny Frank JOHNSON, Defendant-**
**Appellant.**

**No. 72-1537**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1972.

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Richard Wayne Grant, Marianna, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The appellant Johnny Frank Johnson was tried, convicted, and sentenced to three years' imprisonment on February 28, 1972 on a count of uttering and publishing a United States Treasury check with a forged endorsement in violation of 18 U.S.C. § 495. On this appeal Johnson contends that the trial court erred in denying his motions for acquittal, alleging that the evidence presented by the government was insufficient to convict. The government's evidence at the trial consisted principally of the testimony of three eyewitnesses. Paul Withers, manager of the grocery store which cashed the forged check, stated that he had seen Johnson in the store on the morning of the alleged offense and had refused his request to cash the check. Two hours later Withers discovered that one of his clerks had cashed the check. After another hour and a half he again saw Johnson in the store and summoned police. Deputy Sheriff Kittrell, the second eyewitness, responded to this call, arrested Johnson in a motor vehicle in the store's parking lot, and arrested another suspect inside the store. The third eyewitness, Helen Johnson, was the clerk who cashed the check.

Johnson on this appeal stresses the unreliability of eyewitness testimony as a means of identification. He points out that on the date of the offense the three witnesses saw him only for brief periods as short as a few seconds, that there were minor discrepancies in their testimony, and that one of the witnesses (Kittrell) did not even see him in the store. But we find no reversible error by the trial court in its determination that the government's evidence was sufficient to sustain a conviction. A verdict may be founded on the testimony of a single eyewitness. 7 J. Wigmore, Wigmore on Evidence § 2034, at 259 (3d ed. 1940). Here the government produced not one but three eyewitnesses. Their testimony was corroborated, moreover, by the undisputed statement of a handwriting expert that the forged endorsement was in Johnson's handwriting. In United States v. Acosta, 4 Cir. 1966, 369 F.2d 41, the court upheld a conviction on handwriting alone.

Johnson also emphasizes that none of the witnesses who identified him saw him from the date of the offense—February 18, 1967—until the date of the trial, a period of five years. Johnson is hardly in a position to argue that inaccuracies in the witnesses' recollection may have developed during this long interval. The delay in the disposition of his case was largely due to the fact that, as the record shows, Johnson was a fugitive from justice for nearly four years.

The judgment of the District Court is affirmed.